IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW A. GUITERREZ, on behalf of himself, and all other plaintiffs similarly situated, known and unknown,<br><br>Plaintiff,<br><br>v.<br><br>RAISE MARKETPLACE, INC., F/K/A COUPONTRADE INC., D/B/A COUPONTRADE.COM and RAISE.COM and GEORGE D. BOUSIS, INDIVIDUALLY,<br><br>Defendants. | No. 15-cv-05121<br><br>Judge Manish S. Shah |

### JOINT MOTION TO APPROVE SETTLEMENT AND TO DISMISS CASE WITHOUT PREJUDICE

NOW COME Plaintiff Matthew A. Guiterrez, ("Plaintiff") and Defendants Raise MarketPlace, Inc., f/k/a CouponTrade, Inc., d/b/a Raise.com ("Raise Marketplace") and George D. Bousis (Bousis") (collectively "Defendants"), by and through their respective undersigned counsel, and hereby file this Joint Motion to Approve Settlement and to Dismiss Case without Prejudice, with leave to reinstate within 45 days if necessary to enforce the Settlement Agreement and Release entered into by the parties.

The parties state the following in support:

**I. STATEMENT OF FACTS**

On or about June 10, 2015, Plaintiff filed a Complaint against Defendants alleging he was improperly denied overtime pay during his employment with Raise Marketplace in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.* In his lawsuit, which was styled as a statutory

collective action pursuant to 29 U.S.C. § 216(b), he sought to recover back overtime wages, liquidated damages, penalties, and attorneys' fees and costs.

On October 26, 2015, the parties reached a settlement agreement, whereby Plaintiff will release any and all claims regarding his compensation for his employment with Defendant, including his individual claims under the FLSA, the IMWL, and claims for attorneys' fees and costs. A material term of that Agreement is that Plaintiff will dismiss this lawsuit with prejudice. The parties have agreed to keep the terms of their settlement agreement confidential. The parties have prepared a written Settlement Agreement and Release that memorializes the terms of their settlement. Upon approval of the Court, the parties will execute said Agreement.

In accordance with the applicable requirements for settling a FLSA claim, the parties hereby seek the Court's approval of the settlement they reached in this matter, and stipulate to the dismissal of this action.

## II. ARGUMENT

Pursuant to the FLSA, claims for back wages and other damages arising under the FLSA may be settled or compromised with the approval of the district court or Secretary of Labor. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945); *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id*.

As discussed above, the parties have agreed to settle all claims in this dispute through the execution of a Settlement Agreement and Release. While Defendant does not admit liability or wrongdoing, all parties agree that the settlement terms they have reached in this action represent a fair and equitable resolution of this matter. Thus, the parties respectfully request that the Court approve the settlement and issue an Order dismissing this action without prejudice, and retaining jurisdiction, as necessary, to enforce the Settlement Agreement entered into by the parties.

The parties have agreed to keep the specific terms and conditions of the Settlement Agreement and Release confidential. To that end, should this Honorable Court desire to review the actual agreement, Defendant respectfully requests to present the Settlement Agreement and Release to the Court in its written form for an in camera review should the Court so direct, and without waiving the confidential nature of the Agreement. In the alternative, Defendant requests permission to file the Settlement Agreement and Release under seal pursuant to Local Rule 5.8.

While taking no position with regard to either the question of whether this FLSA settlement must be approved in order to be enforceable or whether the resulting Settlement Agreement must be made part of the public record if this Court "approves" its content, Plaintiff's counsel believes it is appropriate to advise the Court of Judge Posner's decisions in the consolidated cases of *Goesel v. Boley International (H.K.) Ltd.* and *Massuda v. Panda Express, Inc.*, Nos. 13-2434, 13-2818, 2013 WL 6800977 (7th Cir. 2013), wherein Judge Posner said:

> "Against a background of such uncertainty, it's difficult to imagine what arguments or evidence parties wanting to conceal the amount or other terms of their settlement (apart from terms that would reveal trade secrets or seriously compromise personal or institutional privacy or national security) could present to rebut the presumption of public access to judicial records. The parties before me haven't even tried. In neither case have they offered any reason for secrecy except that they have a confidentiality agreement. Obviously that's insufficient, and I could stop there: because there is potential public value to disclosing settlement terms, including amount, parties have to give the judge a reason for not disclosing them—and the fact that they don't want to disclose is not a reason. See Arthur R. Miller, "Confidentiality, Protective Orders, and Public Access to the Courts," 105 Harv. L. Rev. 427, 492–93 (1991)."

Defendant maintains that this decision is not dispositive, but rather, it puts the burden on the party seeking confidentiality to provide a persuasive reason. Defendant notes that at least one post-*Goesel* case allows for confidentiality of an FLSA settlement. *See Roberts v. Apple Sauce Inc.*, No. 3:12-CV-830-TLS, 2014 WL 4804252, at *1 (N.D. Ind. Sept. 25, 2014)

3

Here, the reason for confidentiality is, Defendants maintain that this is a case where the potential cost of litigation far outweighs the amounts at issue, and thus, it is willing to enter into a settlement agreement that it otherwise might not accept, provided that in doing so, it does not simply encourage another similar circumstance, which is a legitimate risk in the absence of confidentiality. Defendant notes that Plaintiff filed this lawsuit two years after his employment with Raise Marketplace ended, and thus, his maximum recovery was limited. That, in turn, magnified the disparity between the amount at issue and the cost of litigation. Thus, confidentiality is more reasonably sought by Defendants here than in a typical circumstance.

### III. CONCLUSION

WHEREFORE, the parties stipulate to the dismissal of this action, and respectfully request that the Court enter an Order approving the terms of the settlement of all of Plaintiff Matthew Guiterrez's claims and dismissing this action without prejudice, with leave to reinstate within 45 days if necessary to enforce the Settlement Agreement and Release entered into by the parties.

Dated: November 9, 2015

Respectfully submitted,

*/s/ John Billhorn (via electronic mail consent)*
John W. Billhorn, Esq.
Jodi S. Hoare
Billhorn Law Firm
53 W. Jackson Blvd.
Suite 840
Chicago, IL 60604
(312) 853-1450

Attorney for Plaintiff,
*Matthew A. Guiterrez*

/s/ David K. Haase
David K. Haase
Littler Mendelson, P.C.
321 North Clark Street
Suite 1000
Chicago, IL 60654
(312) 372-5520
(312) 372-7880 (Fax)

Attorney for Defendant,
*Raise MarketPlace, Inc.*

## CERTIFICATE OF SERVICE

I, David K. Haase, an attorney hereby certify that on November 9, 2015, I electronically filed *Joint Motion to Approve Settlement and to Dismiss Case Without Prejudice* with the Clerk of the Court using the CM/ECF filing system which will send such notification to the following:

John Billhorn<br>
Jodi S. Hoare<br>
Billhorn Law Firm<br>
53 West Jackson Blvd.<br>
Suite 840<br>
Chicago, IL 60604

      /s/ David K. Haase  
      David K. Haase

Firmwide:136844366.2 085639.1001
11/9/15